IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| SALVADOR NAJERA-GALVAN, ET AL., | § | |
| --- | --- | --- |
| Movant | § | |
| VS. | § | NO. 4:08-CV-109-A |
| | § | (NO. 4:03-CR-029-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Salvador Najera-Galvan("Najera-Galvan") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the court concludes that it should be dismissed as time-barred.

I.

Background

On February 12, 2003, Najera-Galvan was indicted on one count each of: conspiracy to possess a controlled substance with intent to distribute; possession of a controlled substance with intent to distribute; and possession of a firearm in furtherance of a controlled substance offense. On April 4, 2003, Najera-Galvan pleaded guilty to possession of cocaine with intent to distribute. The government moved for dismissal of the remaining counts. The court granted the motion. Najera-Galvan was sentenced

to 125 months imprisonment and a five-year term of supervised release.

II.

Grounds of the Motion

On February 7, 2008, Najera-Galvan filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Although not clearly set forth in the motion, Najera-Galvan apparently claims ineffective assistance of counsel due to: 1) counsel's failure to raise Najera-Galvan's "minor role" as a mitigating factor that adversely affected his sentence; 2) counsel's poor representation that allowed the court to assess a two-level sentence enhancement; and 3) counsel's failure to investigate, raise, and object to the issue of entrapment. The government timely filed a response, and on April 3, 2008, Najera-Galvan filed a second memorandum with points of law, which the court construed as a reply to the government's response. In his reply, Najera-Galvan for the first time claims ineffective assistance of counsel because his attorney failed to file an appeal or a § 2255 motion.

---

[1] A motion under § 2255 is deemed filed on the date a prisoner delivers it to prison officials, see United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).

III.

Analysis

A motion under 28 U.S.C. § 2255 must be brought within a one-year limitation period. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; [or]
>
> . . .
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. at ¶¶ f(1) & (4).[2]

Judgment was entered against Najera-Galvan on July 22, 2003, meaning his conviction became final on August 1, 2003, when the time for filing a direct appeal expired. See Fed. R. App. P. 4(b)(1)(A). Because Najera-Galvan filed his § 2255 motion on February 7, 2008, more than four years after his conviction became final, his motion is untimely under the first relevant limitation period. 28 U.S.C. § 2255 at ¶ f(1).

Najera-Galvan's motion is also time-barred under the second

---

[2]The limitation period may also run from the date on which an unconstitutional government-created impediment to making a motion is removed or from the date on which a right is newly recognized by the Supreme Court and made retroactively applicable to collateral review. 28 U.S.C. § 2255 ¶¶ f(2) & (3). Nothing in Najera-Galvan's motion indicates that either limitation period is applicable.

3

relevant limitation period. Id. at ¶ f(4). Najera-Galvan's claim of ineffective assistance of counsel arises from the alleged failure of his attorney to: 1) raise Najera-Galvan's "minor role" as a mitigating factor that adversely affected his sentence; 2) properly represent him which caused the court to assess a two-level sentence enhancement; and 3) investigate, raise, and object to the issue of entrapment. It is clear that the facts supporting all three grounds could have been discovered through the exercise of reasonable diligence more than one year prior to February 7, 2008, when he filed his § 2255 petition. Therefore, Najera-Galvan's motion is untimely under either relevant one-year limitation period.

For the first time in his reply, Najera-Galvan also asserts ineffective assistance of counsel for the additional reason that his counsel failed to file a timely notice of appeal, and urges the court to equitably toll the limitations period. See Mtn. to Vacate (April 3, 2008) at 3-4. "Equitable tolling is permitted only in rare and exceptional circumstances." U.S. v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002)(internal quotations omitted). Equitable tolling is generally appropriate only where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting

4

his rights." U.S. v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). The Fifth Circuit has allowed equitable tolling, for example, where a district court unintentionally misled a petitioner about the limitations period for filing a habeas petition, id. at 931-32, or where the petitioner's counsel affirmatively (and untruthfully) informed him that a § 2255 motion had been filed on his behalf, U.S. v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002).

These are not the facts before the court. Najera-Galvan does not contend that his attorney affirmatively represented that he had filed an appeal, nor does Najera-Galvan claim he asked his attorney to appeal but the attorney disregarded his instruction. Further, the papers on file in this case reflect that, on July 18, 2003, Najera-Galvan himself signed a "Notice of Right to Appeal Conviction and Sentence Imposed After Plea of Guilty." This notice clearly informed Najera-Galvan of his right to appeal his sentence and the deadline for doing so.

Likewise, Najera-Galvan does not claim his attorney affirmatively misled him by stating that he had filed a § 2255 petition. At most, Najera-Galvan vaguely contends his attorney said he would "eventually" file the petition. Although Najera-Galvan asserts that he relied on his attorney's

misrepresentations, it appears from the papers on file with the court that within the limitations period Najera-Galvan had in fact ceased any reliance on his attorney: on February 12, 2004 - well within the one-year limitations period - Najera-Galvan filed a document titled "Motion to be Loaned or Furnished the Record on the Above Case", in which he declared that he is "proceeding pro se...." No.4:03-CR-029-A,(February 18, 2004)¶ 1. Najera-Galvan's express purpose for the motion was to obtain a copy of the record "to litigate [my] issues on [my] 28 U.S.C. 2255. . . ." Id. Even if Najera-Galvan believed his attorney might file a § 2255 petition on his behalf, by February 2004 he had already commenced preparation of his own petition, which he failed to file for unknown reasons. Equitable tolling is not warranted in these circumstances. See Riggs, 314 F.3d at 799.

Therefore,

The court ORDERS that Najera-Galvan's motion to vacate should be, and is hereby, dismissed as time-barred.

SIGNED April 25, 2008.

_____
JOHN McBRYDE
United States District Judge